### In re INITIATIVE PETITION NO. 4, FOR REPEAL OF CHARTER OF CITY OF CUSHING.

### CATTRON et al. v. HOUGH et al.

No. 23048.   June 20, 1933.

Brown Moore, for plaintiffs in error.

S. J. Berton, City Atty., and J. D. Lydick, for defendants in error.

SWINDALL, J. Petitions signed by 732 persons claiming to be qualified electors of the city of Cushing, Okla., styled "Initiative Petition No. 4," was filed with the clerk of the city of Cushing, Okla., requesting the submission to the qualified electors of that city of the question whether or not the charter of the city of Cushing, Okla., should be repealed and the form of government provided for by the laws of the state of Oklahoma for cities of the first class of less than 10,000 population should be substituted therefor, and fixing the time for primaries and general election for nominating and electing officers for said city. To this petition a protest containing the signatures of 1,380 persons was filed, and upon a hearing before the city clerk the petitions were denied for the reason that they did not contain the signatures of 25 per centum of the qualified electors of said city. Notice of appeal was duly served upon the city clerk and chairman of the board of commissioners of the city of Cushing, Okla.

All papers and documents relative to said initiative petition No. 4 have been transferred into this court. In addition the appealing petitioners have filed a pleading styled "Petition in Error," in which they style themselves "plaintiffs in error", against Joe Long, chairman of the board of commissioners, and the other members of the board, and the city clerk, styled "defendants in error". This instrument is not necessary to a consideration of this case, as the notice of appeal transferred the initiative proceedings into this court.

After the appeal was lodged here, the same was referred to the referee of this court by a proper order, and each party was allowed 10 days in which to file exceptions to the findings of the referee after

his report was filed with the clerk of this court, and the petitioners were granted 20 days from the date of the order to file briefs and respondents 15 days thereafter in which to file answer brief.

The referee's report finds that the petitions contain the signatures of more than 25 per centum of the legal voters of the city of Cushing, Okla., based on the total number of votes cast at the next preceding election. Under the laws in force in this state and the charter of the city of Cushing, Okla., in force at the time these proceedings were commenced, the duties prescribed by law to be performed by the Secretary of State relative to initiative petitions upon state questions are performed by the city clerk, and the duties to be performed by the Governor of the state relative to initiative petitions in state questions are to be performed by the chairman of the board of commissioners of the city of Cushing. Therefore, in so far as this appeal is concerned, the only necessary parties to the appeal are the petitioners taking the appeal and the city clerk of Cushing, Okla.

In Re Initiative Petition No. 23, State Question No. 38, 35 Okla. 49, 127 P. 862, in the first and second syllabus paragraphs, we held that:

"The appeal from a decision of the Secretary of State to the Supreme Court under the provisions of chapter 107, Sess. Laws 1910-11, p. 235, is a transference of the proceeding to this court for a trial de novo, and it has jurisdiction to hear and determine the same."

"Under the provisions of chapter 107, Sess. Laws 1910-11, p. 235, an appeal being taken, this court secures jurisdiction of the Secretary of State by virtue of the notice served as provided for therein, and, on finding an initiative or referendum petition sufficient, it may by its own mandate compel said officer to comply with statutory requirements."

Chapter 107, Sess. Laws 1910-11, is now chapter 50, C. O. S. 1921.

It is contended by the respondent that this appeal is governed by the rule of law announced by this court in Jurney v. Harlow, 157 Okla. 54, 10 P. (2d) 271. We cannot agree with that contention. In that case the chief clerk of Cushing, Okla., was not a party to the proceedings in this court, and had not determined the sufficiency of the initiative petition.

Counsel for respondent in his brief states that:

"In article 18, section 5 (b) of the Constitution, it is provided that when an initiative petition signed by 25 per cent. of the qualified electors is presented to the city's chief executive officer, he should call a special election. There is nothing said in the Constitution about the same being submitted to the city clerk for a hearing and determination by him of its sufficiency. Nevertheless, this court held in that case that the statutory provisions supplemented the constitutional provision, and that such petition must first run the gauntlet before the city clerk and be certified by him as sufficient before it could be presented to the city's chief executive officer for calling an election. The case at bar is analogous."

It is true that there is nothing in the Constitution about the petition being submitted to the city clerk for a hearing and a determination by him of its sufficiency, but there are in the Constitution several sections relating to the initiative and referendum and the powers reserved to the people. We will consider some of these sections.

Section 1 of article 5 provides that:

"The legislative authority of the state shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature."

And section 2, Id., among other things, provides that:

"The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure, and 15 per centum of the legal voters shall have the right to propose amendments to the Constitution by petition, and every such petition shall include the full text of the measure so proposed."

And section 3, Id., contains this clause:

"The Legislature shall make suitable provisions for carrying into effect the provisions of this article."

Section 4 (a) of article 18 of the Constitution provides that:

"The powers of the initiative and referendum, reserved by this Constitution to the people of the state and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this state, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance

with the provisions of this Constitution."

Section 4 (b) of article 18 of the Constitution provides that:

"Every petition for either the initiative or referendum in the government of a municipal corporation shall be signed by a number of qualified electors residing within the territorial limits of such municipal corporation, equal to 25 per centum of the total number of votes cast at the next preceding election, and every such petition shall be filed with the chief executive officer of such municipal corporation."

Section 8 of article 5 provides that:

"Laws shall be provided to prevent corruption in making, procuring, and submitting initiative and referendum petitions."

A state may distribute its powers as it sees fit, provided only that it acts consistently with the essential demands of due process and does not transgress those retrictions of the federal Constitution which are applicable to state authority. The Legislature has power and authority to designate an administrative agency to hear evidence and determine the facts upon which the enforcement of the constitutional rights of the citizen may depend. The Legislature may delegate to the city clerk of a city operating under a charter form of government, power and authority to hear and determine the form of initiative petitions relative to the amendment of a city charter. The Legislature in carrying out the intention of the framers of the Constitution and the people in adopting the same, at the first session of that body after the Constitution was adopted. enacted laws for carrying into effect the initiative and referendum powers reserved by the people in articles 5 and 18 of the Constitution, and to regulate elections thereunder, to punish violations of said act, and to prevent corruption in making, procuring, and submitting initiative and referendum petitions. The procedure therein provided is proper legislation under the authority delegated to the Legislature by the Constitution. If some such procedure was not provided, how is the chief executive officer of the city to determine that the proposed initiative measure presented for submission to the qualified electors is the one that was circulated, and how is he to determine that the petition contains the requisite number of signatures of qualified electors requesting the amendment be submitted to a vote of the qualified electors of the city. and how is he to determine that there was not corruption in the making. procuring. and submitting initiative and referendum? The initiative petition presented in this case furnishes a good example for

the necessity of such procedure; the petitions show 732 signatures, and from the agreed statement of fact filed with the referee it is admitted that there are many irregularities in the petitions and only a few legal signatures in excess of the constitutional requirement of 25 per centum of the number of votes cast at the last election.

The law enacted by the Legislature for carrying into effect the provisions of the article relating to initiative and referendum, in so far as it relates to state questions (chapter 50, C. O. S. 1921), provides for an appeal from the findings of the Secretary of State on the form and sufficiency of the petitions to the Supreme Court, and in so far as it relates to initiative petitions in municipalities which do not provide by ordinance or charter for the manner of exercising the initiative powers, as to such municipal legislation the duties required of the Governor and Secretary of State as to state questions shall devolve upon the chief executive officer and chief clerk of the city (section 6647). Under section 6631, C. O. S. 1921 [O. S. 1931. section 5874], an appeal may, upon notice duly served, be lodged in the Supreme Court from the findings of the city clerk. So, certainly, where the city clerk refuses to act, as in the case of Jurney v. Harlow, supra, this court has power and jurisdiction to direct said clerk to act upon the initiative petitions. We have no authority to tell him what his decision is to be where he is authorized to exercise a discretion, but we have authority to tell him to act. which this court did, and we think properly so.

Section 4 (e), art. 18, provides that:

"When such petition demands an amendment to a charter, the chief executive officer shall submit such amendment to the qualified electors of said municipal corporation at the next election of any officers of said corporation, and if, at said election, a majority of said electors voting thereon shall vote for such amendment, the same shall thereupon become an amendment to and a part of said charter, when approved by the Governor and filed in the same manner and form as an original charter is required by. the provisions of this article to be approved and filed."

There are other questions argued in the briefs of the respective parties, but they are not properly before the court in this appeal. They may arise in the event the amendment is adopted. That question must be determined by the qualified electors first.

Under the findings of the referee that the initiative petition contains the requisite number of qualified electors. we have ex-

amined the agreed statement of facts and exhibits offered, and are of the opinion that the same sustain the findings of the referee that the petitions contain the legal number of signatures. The finding of the city clerk denying the sufficiency of the petitions is, therefore, vacated, and all papers and documents transferred into this court by said appeal are hereby ordered returned by the clerk of this court to the city clerk of Cushing, Okla., who is directed to conform to the requirements of the law in accordance with this opinion.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.